UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BROOKE STANDRIDGE,

    Plaintiff,

v.                                                                           CASE NO.:

MIMI'S DINER, LLC, a Florida
Limited Liability Company, and
WANDA LASHER, Individually,

    Defendants.                          /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BROOKE STANDRIDGE, by and through the undersigned attorney, sues the Defendants, MIMI'S DINER, LLC, a Florida Limited Liability Company, and WANDA LASHER, Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid minimum wages and proper overtime compensation, liquidated damages, and all other applicable relief pursuant to Fla. Const. Art. X § 24, and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff was an employee who worked for Defendants within the last three years in Marion County, Florida.

3. Plaintiff worked for Defendants from around February 2017 to August 2018.

1

4. Plaintiff was employed as a waitress/server and was classified as a "tipped employee" as defined by Fla. Const. Art. X § 24 and the FLSA.

5. Pursuant to Fla. Const. Art. X § 24(c) and Section 3(m) of the FLSA, Defendants applied a "tip credit" towards satisfaction of its minimum wage obligations.

6. Plaintiff was paid the lower tipped minimum wage of $5.08 per hour in 2017 and $5.23 per hour in 2018.

7. At all times material to this cause of action, Defendant, MIMI'S DINER, LLC, was an enterprise subject to the Florida Constitution's provision on minimum wages and the FLSA.

8. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

9. Defendant, MIMI'S DINER, LLC, is a Florida Limited Liability Company that operates and conducts business in Marion County, Florida and is therefore, within the jurisdiction of this Court.

10. Defendant, MIMI'S DINER, LLC, operates as a restaurant in Citra, Florida.

11. At all times relevant to this action, WANDA LASHER was an individual resident of the State of Florida, who owned and operated MIMI'S DINER, LLC, and who regularly exercised the authority to: (a) hire and fire

employees of MIMI'S DINER, LLC; (b) determine the work schedules for the employees of MIMI'S DINER, LLC, and (c) control the finances and operations of MIMI'S DINER, LLC.  By virtue of having regularly exercised that authority on behalf of MIMI'S DINER, LLC,  WANDA LASHER is/was an employer as defined by 29 U.S.C. § 201, et seq.

12.    This action is brought under the FLSA to recover from Defendants minimum wage and overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

13.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

14.    During Plaintiff's employment with Defendants, Defendant, MIMI'S DINER, LLC, earned more than $500,000.00 per year in gross sales.

15.    Defendant, MIMI'S DINER, LLC, employed approximately fifteen (15) employees and paid these employees plus earned a profit from their business.

16.    During Plaintiff's employment, Defendant, MIMI'S DINER, LLC, employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to cash registers, food, cooking supplies, and other tools/materials used to run the business.

17.    Therefore, at all material times relevant to this action, Defendant,

MIMI'S DINER, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

18. Additionally, Plaintiff is individually covered under the FLSA because she was engaged in interstate commerce by taking orders from and charging patrons from outside the state of Florida.

### Minimum Wage and Overtime Violations

19. At all times relevant to this action, Defendants failed to comply with Fla. Const. Art. X § 24 and the FLSA because Plaintiff performed services for Defendants for which she was not paid full minimum wages and no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

20. During her employment (especially from September 2017 to August 2018) Plaintiff regularly worked over forty (40) hours per week.

21. During her employment with Defendants, Defendants failed to compensate Plaintiff at all for work performed in excess of forty (40) hours in a given week.

22. Plaintiff is entitled to her regular rate of pay plus the half-time premium ($9.13/hour in 2017 and $9.36/hour in 2018) for all hours worked in excess of forty (40) per week.

23. Based upon the above policies, Defendants have violated Fla. Const. Art. X § 24 by failing to pay the full minimum wage for each hour worked.

24. Based upon the above policies, Defendants have violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

25. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

26. Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

27. All conditions precedent to this action have been performed or waived.

### COUNT I - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

28. Paragraphs one (1) through twenty-seven (27) are fully re-alleged and incorporated herein.

29. Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

30. Florida's minimum wage rate in 2017 was $8.10 per hour. Florida's minimum wage rate in 2018 is $8.25 per hour.

31. Pursuant to Fla. Const. Art. X § 24(c) Defendants took a tip credit of $3.02 per hour.

32. During her employment with Defendants, Plaintiff was not always paid the minimum wage for each hour of work performed in violation of Fla. Const. Art. X § 24.

33. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

34. Defendants did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

35. As a result of Defendants' willful violation of the law, Plaintiff is entitled to liquidated damages in an amount equal to the unpaid wages.

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BROOKE STANDRIDGE, demands judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate, damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FLSA)

37.  Paragraphs one (1) through twenty-seven (27) are fully re-alleged and incorporated herein.

38.  Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

39.  During her employment with Defendants, Plaintiff was not paid the minimum wage for each week of work performed in violation of the FLSA.

40.  As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

41.  Defendants did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

42.  As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

43.  Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BROOKE STANDRIDGE, demands judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT III - RECOVERY OF OVERTIME COMPENSATION (FLSA)

44. Paragraphs one (1) through twenty-seven (27) are fully re-alleged and incorporated herein.

45. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

46. During her employment with Defendants, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

47. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

48. Defendants did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

49. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

50. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BROOKE STANDRIDGE, demands judgment against Defendants for the payment of all overtime hours at one

and one-half the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 15th day of February, 2019.

/s/ **JOLIE N. PAVLOS**
Jolie N. Pavlos, Esq.
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone: (407) 245-3517
Facsimile: (407) 204-2206
Email: JPavlos@forthepeople.com
Attorneys for Plaintiff